UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARRIOR LACROSSE, INC.,

    Plaintiff,

v.                                                     Case No. 04-CV-71648-DT

BRINE, INC.,

    Defendant.
_____/

**ORDER GRANTING IN PART, DENYING IN PART, PLAINTIFF'S
"MOTION FOR PRELIMINARY INJUNCTION"**

Pending before the court is Plaintiff Warrior Lacrosse, Inc.'s ("Warrior's") "Motion for a Preliminary Injunction," filed on March 6, 2006. The court has conducted two status conferences, during which time discussions were had on the record regarding the substance of the motion. (*See* 3/07/06 & 3/09/06 Trs.) Further, the court has reviewed two competing proposed orders attempting to resolve the motion, submitted by the parties after the March 9, 2006 status conference. The court views Defendant Brine, Inc.'s ("Brine's") proposed order, in conjunction with the on-the-record discussions, as Brine's response to the motion. Having heard the parties' respective positions and fully considered the matter,

IT IS ORDERED that Warrior's "Motion for Preliminary Injunction" [Dkt. # 37] is DENIED IN PART and GRANTED IN PART. Specifically, Defendant Brine is hereby ENJOINED as follows:

Brine shall not enter into any written agreement pursuant to which Brine agrees to sell, transfer ownership of or dispose of a substantial portion of its assets to any person or entity in a transaction where any obligations and liabilities of Brine that may

arise under the above-captioned matter are not assumed by the transferee of such assets, without providing notice as follows: if Brine contemplates a transfer of assets that does not comport with this injunction, Brine shall provide Warrior Lacrosse, Inc. written notice of its intention to enter into such an agreement at least seven (7) business days before entering into such agreement.  This injunction does not prevent Brine from paying, at any time, any vendor or creditor of Brine, and does not prohibit Brine from selling assets for value received in the ordinary course of business consistent with its past practices, and does not prohibit Brine from honoring the rights of Brine's present secured lenders or discharging Brine's obligations under any of its agreements with its present lenders.

A separate order will issue addressing the remaining pending motions and adjusting the deadlines in this case.

ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 13, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 13, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522