UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARRIOR LACROSSE, INC.,

    Plaintiff,

v.                                    Case No. 04-CV-71648-DT

BRINE, INC.,

    Defendant.
                                  /

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STRIKE AND GRANTING DEFENDANT'S ATTORNEYS' MOTION TO WITHDRAW**

Pending before the court are two motions: (1) Defendant Brine Inc.'s ("Brine's") January 17, 2006 "Motion to Strike Warrior's 4th and 5th Supp. Interrogatory Responses, or in the Alternative for an Extension of the Scheduling Order" and (2) Brine's attorneys' "Motion of Bingham McCutchen LLP, Victor H. Polk, Jr., Joshua M. Dalton, David M. Magee, Harness, Dickey & Pierce, P.L.C. and George D. Moustakas for Leave to Withdraw as Counsel to Brine, Inc. and for Extension of Scheduling Order." Plaintiff Warrior Lacrosse Inc. ("Warrior") has filed opposition briefs, and the court conducted a hearing on the two motions on March 3, 2006.[1] For the reasons stated fully on the record,

IT IS ORDERED that Brine's attorneys' "Motion of Bingham McCutchen LLP, Victor H. Polk, Jr., Joshua M. Dalton, David M. Magee, Harness, Dickey & Pierce,

---

[1] The court also conducted a status conference on March 7, 2006 relating to the motion to withdraw. At the March 7 conference, by agreement of Warrior's counsel, the court questioned Brine's client representative *ex parte* regarding the substance of Brine's attorneys' motion. During this discussion, which occurred on the record, Brine's client representative essentially agreed that Brine's attorneys should be allowed to withdraw.

P.L.C. and George D. Moustakas for Leave to Withdraw as Counsel to Brine, Inc. and for Extension of Scheduling Order" [Dkt. # 32] is GRANTED.  The court has found that the particular circumstances of this case justify the withdrawal of counsel at this relatively early stage in the litigation.  While the court's usual presumption is that attorneys represent their clients through the end of litigation,[2] the court finds that withdrawal in this case should be allowed, given the extraordinary amount of unpaid attorneys fees and the resulting undue burden which Brine's attorneys would suffer if required to remain in this complicated patent matter.

IT IS FURTHER ORDERED that this matter is hereby STAYED until May 1, 2006, to allow Brine time to find and retain substitute counsel.  The court will conduct an in-person status conference on **May 1, 2006 at 3:00 p.m.**  The court expects substitute counsel to be fully informed of the facts and issues involved in this case and ready to proceed with no further delay.  Brine should also be on notice that corporations cannot properly be "represented" in court by their owners, officers or anyone else who is not an attorney admitted to practice.  See 28 U.S.C.§ 1654; *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney.").  Thus, if Brine does not obtain

---

[2]  *See* 7 Am.Jur.2d, Attorneys at Law, § 173, pp. 224-25 ("An attorney who undertakes to conduct an action impliedly stipulates that he will prosecute it to a conclusion, and he is not at liberty to abandon the suit without reasonable cause.  If reasonable cause exists, however, an attorney, prior to termination of the suit, and on reasonable notice, may end the attorney-client relationship.") (footnotes omitted); *see also, e.g., United States v. Herbawi*, 913 F.Supp. 170, 171 (W.D.N.Y. 1996) ("It is not surprising that the withdrawal of retained criminal counsel after a general notice of appearance has been entered is not viewed with favor by the courts.").

substitute counsel by May 1, 2006, it will likely be unable to speak or proceed and accordingly may risk the entry of default.

Finally, until Brine has retained substitute counsel who will reevaluate the situation, IT IS ORDERED that Brine's "Motion to Strike Warrior's 4th and 5th Supp. Interrogatory Responses, or in the Alternative for an Extension of the Scheduling Order" [Dkt. # 28] is DENIED WITHOUT PREJUDICE.

      S/Robert H. Cleland  
      ROBERT H. CLELAND  
      UNITED STATES DISTRICT JUDGE

Dated:  March 17, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 17, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner  
      Case Manager and Deputy Clerk  
      (313) 234-5522